F. M. KEATHLEY v. A. B. BRANCH and others.

*Ejectment—Pleading and proof— Variance.*

1. In ejectment, the plaintiff claimed as purchaser under a mortgage executed in 1869; the defendant, as purchaser under a mortgage executed in 1876, and failing to make good his title thereunder, he offered to show a sale of the land for taxes and a deed to himself from the sheriff, but this evidence was ruled out upon the ground that the defendant is precluded, by the terms of his answer, from setting up any other title than that asserted therein; *Held*, error.

2. As the plaintiff recovers upon the strength of his own title and the defendant is permitted to show that the title is in a stranger, so also, he may show it to be in himself, though derived from a source differing from the one alleged in the answer.

3. The court intimate that the Code cures the alleged variance between the pleading and the proof.

4. An answer which fails to state separately the distinct grounds of defence will be rejected, if exception is taken at the proper time.

(*Isler* v. *Foy*, 66 N. C., 547, cited and approved).

EJECTMENT tried at August Special Term, 1882, of DUPLIN Superior Court, before *Gilliam, J.*

Judgment for plaintiff; appeal by defendant, Stanford.

*Mr. H. R. Kornegay,* for plaintiff.
*Mr. O. H. Allen,* for defendant.

RUFFIN, J. It is evident from the statement of the case, that two exceptions were intended to be taken in the court below for the defendant, Stanford, who alone appeals.

The first one, however, is so obscurely stated and some of the facts in regard to it so evidently misstated, that it is impossible for the court to understand its meaning, or determine its force. It is much the same, indeed, with the other, though enough can be extracted from the case to enable the court to detect, what it conceives to be, an error in the ruling of the judge upon it.

The question is one of pleading and evidence, arising out of the following facts:

The plaintiff claims the land as a purchaser under a mortgage executed on the 9th day of October, 1869, by the defendant, Branch, to one Jones. As originally instituted, the action was against the defendant alone, who answered, denying the plaintiff's title. The complaint was in the usual form, alleging in its first article the title to be in the plaintiff, and in its second, the unlawful withholding of the possession by the defendant. Afterwards, the defendant, Stanford, applied to be made a party, and in support of his motion filed an affidavit, in which he set forth that he was, himself, the owner of the land, having purchased the same under a mortgage executed by Branch to one Moore, on the 5th day of April, 1876; and, upon his being made a party defendant, filed an answer, in which he alleged "that the first article of the complaint is not true, that the title to the land is

in himself, and that he claims title from one Moore, to whom the defendant, Branch, executed a mortgage, by virtue whereof it was sold and purchased by him."

On the trial the defendant, Stanford, having failed to make good his title under the mortgage to Moore, offered in evidence a deed to himself from the sheriff of the county, and to show that the land in question, had been sold for taxes and purchased by himself. This evidence was objected to by the plaintiff and excluded by the court, and to this ruling the defendant excepted.

It is not stated when this sale took place, nor for whose taxes the land was sold. But as it is expressly said that the sale was for *taxes due on the land*, we are obliged to conclude that they were rightly owing, either by the defendant, Branch, or some one claiming under him, whose duty it was to list the land and pay the dues thereon; and as all inquiry into the regularity and validity of the sale was cut off, we must make every presumption in its favor.

Neither does it appear in the case, upon what ground the evidence was excluded, though, upon the argument, we were told that it was because the court held that the defendant, Stanford, was precluded by the terms of his answer from setting up any title, other than the one asserted in his affidavit and answer, as derived under the mortgage given to Moore.

But whatever may have been the ground for it, it was an error as it occurs to us. The answer certainly falls short of the requirements of the Code, in that, it fails to state separately the distinct grounds of defence, and, if objected to at the proper time on this account, might well have been rejected by the court. Still it was not so objected to, but received, and upon a fair construction must be admitted to set up two plain defences, consisting in a general denial of the plaintiff's right to recover the land, and a specific avowal of title in the defendant himself.

Conceding, then, that as to the latter the defendant was bound by his answer, and could only rely upon the title therein alleged, though the provisions of the Code curing variances between

pleadings and proofs render even this doubtful, it was yet open to him to establish his other defence in any way that he could.

This, he might have done by showing the right to the land to be in a stranger, since every plaintiff in ejectment must recover upon the strength of his own title; and if so, why not show it to be in himself, though it may have been derived from a source differing from the one alleged in the answer.

It nowhere appears, either in the defendant's affidavit or his answer, that he claimed to be the landlord of his co-defendant, Branch; nor does he seem to have been admitted as a party by the court because of any privity with him, or in order that he might defend his possesion; but simply as an act of discretion on the part of the court, and because he claimed to have an interest in the subject matter of the action.

This being so, every means of defence was open to him as to any other defendant. As said in *Isler* v. *Foy*, 66 N. C., 547, why permit a person claiming title to be made a defendant, unless that he may plead separately, and avail himself of every defect in the plaintiff's title? The effect of His Honor's ruling is to deprive the defendant of one of his main grounds of defence, and it cannot be right, especially since he will be forever estopped, by the record of this case, from ever asserting his other title to the land, however valid the same may be.

Error.                                             *Venire de novo.*