HENRY FARRIOR v. GEO. E. HOUSTON *et als.*

*Issue—Evidence—Pleading.*

1. Where an issue is raised by the pleadings and submitted to the jury, it is error for the Court to exclude any evidence pertinent thereto.

2. Mere matters of evidence should never be pleaded, as they do not raise issues, and when they are pleaded, they should be disregarded.

3. Where the defendant in his answer denied a material allegation in the complaint, but went on to state evidential facts; *It was held,* that the bad plea did not vitiate the good one, and it should be treated as surplusage.

4. So, where in an action to recover land, the answer denied the plaintiff's right of possession, and also set up title in the defendants, by reason of seven years' possession with color of title, which was, however, improperly pleaded; *It was held,* error to refuse to allow the defendant to introduce evidence to show his color and possession.

(*Keathley* v. *Branch*, 88 N. C., 379, cited and approved).

This was a CIVIL ACTION to recover land, tried before *Boykin, Judge,* and a jury, at November Term, 1885, of DUPLIN Superior Court.

The plaintiff in his complaint alleged that he was the owner in fee simple of the land described in the complaint, and entitled to the immediate possession of the same, and that the defendant wrongfully withheld the possession from him.

The defendant, George E. Houston, answered the complaint, and stated that the said Lewis C. Houston, his co-defendant, is the owner in fee and has the possession of the land described in the complaint, and has had the possession of the same under color of title for more than seven years prior to the bringing of this action; that the said Lewis C. Houston had held possession of said land in person and by tenants to whom he rented the same, for more than seven years prior to the bringing of this action; and denies *that plaintiff has title to said land.* He admits the possession, but insisted that it is rightfully withheld from the plaintiff.

Lewis C. Houston also answered, and stated that the first article of the complaint is not true, that the title to the land described in the first article of the complaint is not in the plaintiff; that the title is in Lewis C. Houston, and that he has been in the adverse possession of said land, in person and through his tenants, for more than seven years before the bringing of this action, under color of title, and denied that he wrongfully withheld the possession from the plaintiff. The following issues were submitted to the jury:

"1. Is the plaintiff the owner and entitled to the possession of the land described in the first paragraph of the plaintiff's amended complaint? Ans: Yes.

" 2. Are the defendants, or either of them, in the possession of the said land, and do they wrongfully withhold the same from the plaintiff? Ans: Yes."

On the trial the plaintiff offered evidence tending to establish his title to the land.

The defendants offered to show that they had seven years adverse possession of the land with color of title before the

commencement of the action; but his Honor refused to admit the evidence because the defendants having undertaken to prove possession under color of title in his answer, and the plea had been adjudged to be insufficient and not according to the terms and provisions of the statute. To this ruling the defendant excepted.

The defendants then offered to produce the same evidence under the general denial in the answer, of the plaintiff's title to the land. This was also refused by his Honor, and the defendants excepted.

There was a judgment for the plaintiff upon the finding of the jury, and the defendants appealed.

*Mr. W. R. Allen,* for the plaintiff.
*Mr. J. H. Korneyay,* for the defendants.

ASHE, J., (after stating the facts). We are of the opinion there was error in the ruling of the Court in excluding the evidence offered by the defendants. The plaintiff alleged in his complaint that he was the owner in fee simple, and entitled to the possession of the land. The defendants denied that he was the owner, and this presents the only issuable fact raised by the pleadings, which was in fact directly submitted to the jury in the issue: " Is the plaintiff the owner, and entitled to the possession of the land described in the first paragraph of plaintiff's complaint?"

His Honor fell into the inconsistency of submitting to the jury the issue, and the only issue actually raised by the pleading, and yet refused to permit the defendants to introduce evidence pertinent to the issue and tending to sustain his denial of the title in the plaintiff. He was evidently led into the erroneous ruling by a misconception of the legal import of the answer. The plea denying the title of the plaintiff was certainly a good plea, but it was disregarded by his Honor, because the defendant had superadded the

FARRIOR *v.* HOUSTON.

unnecessary specific allegation of facts, that was held to be insufficient to constitute a plea, because it was not according to the terms and provisions of the statute.

The good plea, which was a general denial, was disregarded because there was a special plea which was bad. Then the reasonableness of the matter would seem to have required the bad plea to be disregarded, and the good one sustained, and this we think was the proper course to be taken in the case, *Keathey* v. *Branch*, 88 N. C., 379. The denial of the plaintiff's title was the only issuable fact raised by the pleading; what follows in the answer about the seven year's possession, with title, &c., was a mere evidential fact, which in a court of law were never tolerated as good pleading, but were set aside on motion, or disregarded as surplusage. Judge BLISS in his Code Pleading, §206, says: "Issuable facts are those upon which a material issue may be taken, they may be called ultimate facts; they are called in the Missouri Code substantiate facts, and we may call the facts by which they are established, probative or evidential facts. It would be folly to take issue upon the latter, for the material ultimate facts may be true, although sustained by other evidence than that anticipated by the pleader." To illustrate, he says, "In trespass *de bonis* the ultimate facts are the plaintiff's title, the dispossession, conversion and damage, statements pertaining to the manner of the seizure and the circumstances attending it, or as to what was done with the property, would be pleading evidence, and they will be stricken out as irrelevant and redundant, or if not stricken out, the defendant is not bound to answer them." It is true this was said with reference to the complaint, but he was treating of pleading, and applied the same principle to the answer.

The specific statement in the answer of the seven years' possession with title, was matter of evidence merely, and it should not have been pleaded. It was mere surplusage, and

in no way affected the part of the answer which was well pleaded, "*Utile per inutile non viatur.*" Stephen on Pleading, 423.

The judgment of the Superior Court must be reversed, and this opinion must be certified to the Court that a *venire de novo* may be awarded.

Error.                                                                              Reversed.