FALLS OF NEUSE MANUFACTURING COMPANY v. SAMUEL
BROOKS. ·

*Action to Recover Land—Statute of Limitations—Pleading—
· Sheriff's Deed—Judgment—Color of Title.*

1. It is competent to prove possession for seven years in support of a
   general denial in the pleadings that plaintiff was owner—it is not
   necessary to specially plead the statute.
2. A Sheriff's deed, purporting to pass a fee, even though it does not
   vest the interest of the judgment creditor, is good as color of title
   after seven years' adverse continuous possession under known and
   visible boundaries, the title being out of the State.
3. This Court will not consider questions not raised by proper exceptions.

CIVIL ACTION, for the possession of land, tried before *Clark,
J.,* at the August Term, 1889, of BUNCOMBE Superior Court,
upon the report of T. H. Cobb, referee, and exceptions filed
thereto.

The Court overruled the exceptions to the referee's report
filed by the plaintiff, and confirmed the report, and plaintiff
excepted to the ruling of the Court confirming said report,
and to each of his holdings overruling the plaintiff's excep-
tions.

Reference was made, by consent, to find all the issues,
and it was found that the plaintiff was a corporation; that
the title to the land in controversy was out of the State; and
that plaintiff and defendant claimed under one W. L. Henry.

The defendant claimed by Sheriff's deed, made pursuant
to sale under several executions issued on judgments obtained
against said Henry before the adoption of the Code of Civil
Procedure. and transferred to the execution docket according
to section 403.

There were several other judgments rendered and execu-
tions issued thereon, and under these also the said land was
sold at the same time. The purchasers at the sale were

G. M. Roberts, W. W. Rollins, Pinkney Rollins and J. L. Henry.

One of the judgments was irregular, but there is no evidence that any of the purchasers had notice of the irregularity. The Sheriff's deed was duly probated and recorded.

In February, 1874, J. L. Henry and wife conveyed to Pinkney Rollins and L. M. Welch all their title and right to the land in question by deed, probated and recorded in 1879, as to the husband, but not as to the wife.

In August, 1876, W. W. Rollins and wife, Pinkney Rollins and wife, H. J. Rollins and Lucius M. Welch conveyed their interests in the lands purchased at Sheriff's sale to the Falls of Neuse Manufacturing Company by deeds duly probated and recorded.

The defendant at the beginning of this action was in possession and has so continued. From and since the death of his father, George Brooks, in 1874 or 1875, he was in possession jointly with his brothers and sisters up to November 13th, 1882, when they conveyed their interests to him.

On September 11th, 1869, the land in question was conveyed by Sheriff's deed to said George Brooks, the deed reciting that the sale was under executions issued on judgments in his favor; and he took possession and claimed under the Sheriff's deed, and that he and those claiming under him have had continuous and uninterrupted possession for more than seven years prior to the commencement of this action under known and visible boundaries, claiming and holding the same adversely as their own.

The following additional facts are set out as found by the referee:

19. That, on September 9, 1873, W. W. Rollins, Pinkney Rollins, G. M. Roberts, J. L. Henry and L. M. Welch instituted an action in the Superior Court of Buncombe County, against S. M. Brooks, James Wise and George Brooks, claiming title to and for the recovery of land

described in the pleadings in this case; that the summons in said action was served upon said defendants on September 12, 1873; that at _____ term of said Court, the death of George Brooks, defendant, was suggested, and it was ordered by the Court that "notice issue to the personal representative that he appear and make himself party defendant in this case." Notice was issued, and at October Term, 1876, the following entry was made: "Death of defendant George Brooks, suggested. It is ordered by the Court that notice issue to the heirs of George Brooks, deceased, to appear at the next term of this Court, to make themselves party defendants in this case." "Issued."

And at Fall Term, 1879, this entry "alias order to make the heirs parties." And at Fall Term, 1881, the following entry: "Unless the heirs are made parties by the next term, this case to abate." And at August Term, 1881, this entry: "Continued, and order made that unless the heirs of the defendant are made by regular process parties to this suit by the next term of this Court, this suit is to abate." And at Spring Term, 1882, this entry: "Abate. Judgment to be taxed;" and also the word "off." And at the same term the following is the judgment rendered, to-wit:

"It appearing to the satisfaction of the Court that the defendant in this action is dead, and that the order of the Court hereinbefore made, requiring new parties to be made, has not been complied with, it is now, on motion of counsel, ordered that this cause be dismissed. It is further ordered that the plaintiffs pay the costs of this action, to be taxed by the Clerk."

20. That the plaintiff in this case, the Falls of Neuse Manufacturing Company, claims title to the land described in the complaint under W. W. Rollins and others, the plaintiffs in the case referred to in the preceding paragraph, and that Samuel Brooks, the defendant in this case, is one of the defendants in the case mentioned in the preceding par-

agraph, and that George Brooks, another of the defendants in said preceding case, was the father of said Samuel Brooks, and that James Wise, the other defendant was a son-in-law of said George Brooks, and that the said Samuel Brooks and James Wise were then upon said land as the tenants of said George Brooks.

21. That on the 31st day of October, 1883, the Falls of Neuse Manufacturing Company, the plaintiff in this case, instituted an action in the Supreme Court for said county of Buncombe against S. M. Brooks, the defendant in this case, and James Wise, claiming title and the recovery of the land described by the pleadings in this cause, and other lands; that the summons was duly served upon the defendants, and the case was continued from term to term till December Term, 1887, when judgment of nonsuit was entered against the plaintiff.

22. That the present action was begun on December, 10, 1887.

23. That more than twelve months had elapsed between the final judgment in the action mentioned in paragraph 19 and the beginning of the action described in paragraph 21.

24. That the defendant has not set up or pleaded in his answer in this case any statute of limitations.

From the foregoing facts, the referee submits the following as to his conclusions of law, to-wit:

It is admitted that the title to the land in dispute is out of the State, and that both parties, plaintiff and defendant, claim the title under W. L. Henry, and both parties claim through purchasers at execution sale.

The plaintiffs show various judgments against W. L. Henry, executions, levies, and sales and deed by the Sheriff, dated July 1, 1871, to G. M. Roberts, W. W. Rollins, P. Rollins, and J. L. Henry, and a regular chain of conveyances from said purchasers, except G. M. Roberts.

The defendant, as his title, introduces a judgment in favor of George Brooks against said W. L. Henry, and another, of date junior to some of the judgments under which plaintiff claims, and a deed from J. Sumner, Sheriff, dated 11th of September, 1869, reciting said judgment and execution levy and sale, to George Brooks, the plaintiff in said judgment. He also shows a regular chain of conveyance from said George Brooks, and more than seven years' possession under said deed. No execution, showing that George Brooks purchased, is in evidence. The judgment, when it transferred under § 403 of the Code of Civil Procedure, was dormant, and therefore the judgment, execution (if there was any), and all the proceedings thereunder were irregular, and George Brooks, the purchaser, being the plaintiff in the judgment, had notice of this irregularity. And therefore no title was conveyed to him by this deed from the Sheriff. *Lytle* v. *Lytle*, 94 N. C., 683; *Curlee* v. *Smith*, 91 N. C., 172.

This deed to George Brooks is, however, color of title. *McConnell* v. *McConnell*, 64 N. C., 342. And as he took possession of the land, claiming it under this deed, and as he and those claiming under him, including defendant, have held such possession continuously for more than seven years, the defendant's title has ripened, under § 141 of *The Code.*

The plaintiff, however, insists that the seven years' possession had not elapsed when W. W. Rollins and others (under whom he claims) began the first action to recover the land, which was on the 9th of September, 1873. See paragraph 19 of facts. And his learned counsel ably argue that defendant cannot rejoin that more than twelve months elapsed between the final judgment in this action and the beginning of the second, to-wit, from Spring Term, 1882, to 31st October, 1883, because he has not specially pleaded it in his answer, arguing that it is a statute of limitation.

The referee is of the opinion, however, that the defendant is not required to specially plead this, and that the lapse of

more than twelve months between the final judgment in the first action and the beginning of the second one interrupts the continuity of action provided for by § 142 of *The Code*, and that it is fatal to plaintiff's claim, and that the time should be counted from December, 1869, when George Brooks took possession under the deed, to 31st October, 1883, when the second action (the first by the present plaintiff) began. See paragraph 21 of facts. And that this being more than seven years, the defendant's title has ripened and perfected under § 141 of *The Code*.

And therefore the issues raised by the pleadings, to-wit—

1. Is the plaintiff a corporation as alleged?

2. Is the plaintiff the owner and entitled to the possession of the land described in the complaint, or any part thereof?

3. Was the defendant, at the institution of this action, in the wrongful possession of said land?

Should be answered, the first in the affirmative and the other two in the negative. And the defendant is entitled to judgment accordingly, and that he go without day and recover his costs.

Plaintiff's exceptions to referee's report are as follows:

1. That the referee erred in his conclusion of law that the defendant in this case " is not required to specially plead " the statute of limitations.

2. That the referee erred in his conclusion of law that the plaintiff is not the owner and entitled to the possession of the land described in the complaint, or any part thereof.

3. That the referee erred in his conclusion of law that the defendant was not in the unlawful possession of the said land at the institution of this action.

4. That the referee erred in his conclusion of law that the Sheriff's deed to George Brooks is a color of title.

5. That the referee erred in his conclusion of law that he did not find, upon the whole testimony and the law, that plaintiff was entitled to recover.

6. That the said referee erred in his conclusions of law in that he did not find, as a conclusion of law on his finding of facts, that the plaintiff is entitled to recover.

*Mr. E. C. Smith*, for plaintiff.
*Mr. G. A. Shuford*, for defendant.

AVERY, J.—after stating the facts: It was competent for the defendant to prove his possession for seven years, under color of title, in support of the general denial in the answer that the plaintiff was the owner of the land in controversy. It was not necessary, or even proper, that he should specially plead the statute (*The Code*, § 141). *Farrior* v. *Houston*, 95 N. C., 578.

The Sheriff's deed purported to pass an estate in fee-simple in the land, and though the interest of the judgment debtor did not vest, by virtue of the conveyance, in the bargainee, the defendant, by continuous adverse possession under it as color of title for seven years, acquired both the legal and equitable estate against the plaintiff, certainly, it being admitted that the land had been granted by the State. *Avent* v. *Arrington* (decided at this term).

It being found, as a fact, that the title was out of the State, and that the defendant held the land for seven years prior to the bringing of the action, it would follow that he was then the owner and in the rightful possession. This proposition would dispose of the other four exceptions, if they were so framed as to make it our duty to consider them. But not one of them is so specific in pointing out a particular conclusion of law or fact as to direct attention to it. *Battle* v. *Mayo*, 102 N. C., 437; *Suit* v. *Suit*, 78 N. C., 272; *Currie* v. *McNeill*, 83 N. C., 176. It would be impossible, after admitting the findings of the referee to be true, as they cannot be questioned in this Court, to resist the conclusions reached

106—8

by him. His clear and full statements of the facts and the law applicable to them, have left little more for the appellate Court to do than to affirm, in general terms, the judgment of the Court below overruling the exceptions to his report.

The questions discussed by the counsel for the appellant are not raised by the exceptions, and, if they were raised, the facts found by the referee would not sustain the position that the defendant was estopped by his own conduct. It does not appear that he was present at the sale, nor that he even caused execution to be issued, or did or said anything inconsistent with his claim of title to the land, and that might have induced the subsequent purchasers to think he would set up no adverse claim, or concede that the sale was valid, and would pass the title of W. L. Henry.

The question whether such an estoppel *in pais* as that which plaintiff seeks to set up, should have been pleaded, would still remain if the exceptions had been more specific, and the facts different. There is no error.

Affirmed.