DEVONE v. PICKETT

[150 N.C. App. 208 (2002)]

———————————

OLIVER DEVONE, EULA DEVONE ARMSTRONG, FREDERICK DEVONE, FLORA DEVONE GRAHAM, ETHEL D. DEVONE, TIFFANY MACK, WHITAKER MACK, JR., CHRISTINE DEVONE JONES AND JEANETTE DEVONE SMITH, PLAINTIFF-APPELLANTS V. JOSEPH L. PICKETT AND WIFE, PATSY D. PICKETT, DEFENDANT-APPELLEES

No. COA01-322

(Filed 7 May 2002)

**Adverse Possession— evidence of title—not raised as affirmative defense**

The trial court did not err in an adverse possession action by allowing defendants to present evidence of defendants' title to the property when defendants did not raise title as an affirmative defense or counterclaim. Any evidence of defendant's ownership would help to prove a fact which would defeat plaintiff's cause of action and is properly admitted under a general denial of plaintiff's ownership.

Appeal by plaintiffs from judgment entered 21 September 2000 by Judge James E. Ragan, III in Superior Court, Pender County. Heard in the Court of Appeals 9 January 2002.

**DEVONE v. PICKETT**

[150 N.C. App. 208 (2002)]

*Moore & Kenan, by Robert C. Kenan, Jr., for plaintiff-appellants.*

*R. Kent Harrell for defendant-appellees.*

McGEE, Judge.

Plaintiffs filed a complaint on 3 November 1998 alleging ownership of 2.885 acres of property located in Grady Township, Pender County, North Carolina. Plaintiffs presented evidence at trial of their ownership of the property through adverse possession. They testified their family, primarily their father, Willie Devone, farmed the property until the mid-1960s. From that time until 1991, Harrison Williams, a cousin of plaintiffs, farmed the property through permission from the Devone family. From 1991 until the time of the trial, the Devone family hired Marvin Pridgen to plow the field on the property a couple of times a year.

Defendants presented evidence of their title to the property through a deed recorded on 29 April 1997. Defendants also testified they have paid taxes on the property.

The case was heard by a jury on 21 August 2000. The jury found in favor of defendants and judgment was entered 21 September 2000. Plaintiffs appeal from the judgment denying their ownership of the property by adverse possession.

In plaintiffs' sole assignment of error, plaintiffs argue the trial court erred in allowing defendants to present evidence at trial of defendants' title to the property when defendants did not raise title as an affirmative defense or as a counterclaim. We disagree.

Our Supreme Court held in *Fleming v. Sexton*, 172 N.C. 250, 90 S.E. 247 (1916), that the defendants could present evidence of their ownership of a life estate even though the defendants did not assert this issue in the pleadings. Our Supreme Court reasoned the evidence was properly admitted because

the pleadings are general in actions to try title to land. The plaintiff alleges ownership and under this allegation is permitted to establish his title in any legitimate way, by a connected chain of title or by adverse possession with or without color, by proof of tenancy, etc.; and the same latitude is allowed the defendant in making his defense. . . . "So in those States which have adopted the code system it is usually held that the defendant may under

the general denial prove any fact which will defeat the plaintiff's cause of action."

*Id.*, 172 N.C. at 253-54, 90 S.E. at 249 (citation omitted). "The plaintiff carries the burden of proving his legal right to possession, and the defendant is permitted to prove facts which show that his possession is lawful." *Id.*, 172 N.C. at 254, 90 S.E. at 249. *See also Farrior v. Houston*, 95 N.C. 578 (1886) (holding the trial court erred in refusing to allow the defendants to present evidence of adverse possession following a general denial of the plaintiff's ownership).

In the case before us, any evidence defendants presented as to their ownership of the property would certainly help to " 'prove any fact which will defeat the plaintiff's cause of action.' " *Fleming*, 172 N.C. at 254, 90 S.E. at 249 (citation omitted). Thus, such evidence is properly admitted under a general denial of plaintiffs' claim of ownership. We overrule plaintiffs' sole assignment of error and affirm the judgment of the trial court.

No error.

Judges WALKER and BIGGS concur.