CARRIE AVERY, Guardian of BUNA AVERY, JUDGE AVERY, WAIGHT-STILL AVERY, and CORINA AVERY, Minor Heirs at Law of W. W. AVERY, Deceased; and IRA VANCE, Administrator of W. W. AVERY, Deceased, v. E. C. GUY and J. WALTER WRIGHT, Trading as Partners in a Lumber Business Under Some Firm Name.

(Filed 27 January, 1932.)

1. **Executors and Administrators F a—Where personalty is insufficient to pay debts of estate, realty may be sold under order of court.**

   Where the personal estate of an intestate is insufficient to pay the debts of the estate, including the costs of administration, the administrator may apply to the Superior Court for an order to sell real estate of the intestate to make assets, C. S., 74, the heirs of the deceased being necessary parties to the proceedings, C. S., 80, the heirs at law taking the land subject to the payment of the debts of the estate where the personalty is insufficient therefor.

2. **Executors and Administrators C f—Rights of heirs held not prejudiced by nonsuit in guardian's action to set aside award to administrator.**

   Where, after the death of the intestate a lumber company cuts some timber from lands beyond the boundaries described in their timber deed from the intestate, and a settlement is made therefor with the administrator of the estate in accordance with an award made by appraisers appointed by the court by agreement of counsel, and it appears that the personalty of the intestate was not sufficient to pay all debts of the

estate, and that the heirs at law of the intestate, through their guardian, are parties plaintiff and that they are entitled to payment from the administrator, after the debts of the estate are paid, of any surplus: *Held*, a judgment as of nonsuit in an action brought by the guardian of the heirs at law to set aside the award as not being binding on her will not be disturbed on appeal, no harm having resulted to the minor heirs at law, and the judgment not being prejudicial as to them.

**3. Appeal and Error J c—A new trial will not be granted for error which is not prejudicial.**

The Supreme Court will not grant a new trial where the alleged error is not prejudicial to the appellant and there is no prospect of ultimate benefit to him if the judgment should be set aside.

APPEAL by plaintiff Carrie Avery, guardian, aforesaid, from *Sink, J.*, at April Term, 1931, of AVERY. Affirmed.

The court below rendered the following judgment: "This cause coming on for hearing and being heard before his Honor, and it appearing to the court upon the admitted facts that the plaintiffs are barred and estopped from further asserting their claim in this cause, it is, therefore, considered, ordered and adjudged that the plaintiffs be and they are hereby nonsuited in this cause." Plaintiff, Carrie Avery, guardian, excepted to the judgment as signed, assigned error and appealed to the Supreme Court.

*R. W. Wilson and Max C. Wilson for plaintiffs.*
*J. W. Ragland for defendants.*

CLARKSON, J. C. S., 74, in part, is as follows: "When the personal estate of a decedent is insufficient to pay all his debts, including the charges of administration, the executor, administrator or collector may, at any time after the grant of letters, apply to the Superior Court of the county where the land or some part thereof is situated, by petition, to sell the real property for the payment of the debts of such decedent," etc.

Upon the death of a person owing debts the land descends to the heirs at law subject to the payment of the same, after exhausting the personal property. The heirs of the deceased are necessary parties to the proceeding. C. S., 80.

It was contended by plaintiff, Carrie Avery, guardian of the heirs at law of W. W. Avery, that defendants violated their timber contract with W. W. Avery. That defendants cut certain timber after W. W. Avery's death which was not included in the contract. The defendants set up an award under a consent order made 21 June, 1930, in the present cause. Ira Vance, Sam G. Smith and Vance Palmer being appointed to investigate and make an award, which was done.

The defendants contend that "settlement of this cause of action on the basis of $4.00 per M. feet, stumpage, for the amount of timber estimated and reported as aforesaid, which said offer these defendants accepted, and paid the said Vance accordingly, and took a release from him duly executed and for full value and before the filing of the complaint herein, which said release these defendants now plead in bar of the plaintiffs' action and right of recovery herein."

The release set up, is as follows:

"Whereas, the above entitled action was instituted in the Superior Court of Avery County for the purpose of collecting the balance due by E. C. Guy and Company to W. W. Avery estate on account of timber cut from the lands of the said W. W. Avery estate, under a contract or deed made before the death of the said W. W. Avery, some of said timber having been cut beyond the boundaries of said deed by mistake; and,

Whereas, by consent of the parties to said action, an estimate was made of the timber so cut beyond said boundaries, said estimate having been made by Sam Smith, Ira Vance and Vance Palmer, to be 50,000 feet; and,

Whereas, the said 50,000 feet so cut by mistake, added to the amount cut from the boundaries of said deed, makes a total of 388,963 feet at $4.00, making $1,555.85, on which has been paid $1,208.50, leaving a balance of $347.35. Which said amount is this day paid to Ira Vance, administrator of the estate of W. W. Avery, deceased, in full satisfaction and settlement of said matter, receipt of which, by the said Ira Vance, administrator, is hereby acknowledged. This 16 July, 1930. Ira Vance, administrator of the estate of W. W. Avery, deceased. Witness: Eugene Eller."

The plaintiff in reply says: "That Ira Vance, acting in the capacity of administrator, has settled all of the debts of the late W. W. Avery, and the estate except his commission and expenses and about $75.00 of debts incurred in the administration thereof. That the balance of any funds collected in this cause belongs to the wards of Carrie Avery, guardian. That she was not consulted in said attempted settlement; that she did not know such attempted settlements were contemplated, and that such attempted conditional transactions between the plaintiff, Ira Vance, and the defendant, E. C. Guy, does not constitute a bar to the prosecution of this action, as the plaintiff, Carrie Avery, is advised and believes."

If the defendants cut any timber under the contract made with W. W. Avery before his death, and had not accounted for it, then the action must be brought by the administrator of the estate, Ira Vance, and not by plaintiff Carrie Avery, guardian.

The administrator of the estate of W. W. Avery, Ira Vance, is a party plaintiff. It appears that there is a small amount of debts of the estate of W. W. Avery unpaid. The recovery in the action, if there are debts, would go to Ira Vance, administrator, to pay the debts of W. W. Avery, and any balance to Carrie Avery, guardian. As all the heirs at law of W. W. Avery, through their guardian, are parties plaintiff, and were when the settlement was made, we see no good reason to disturb the judgment of the court below. It appears in the record that those appointed in the action to estimate the timber *"having been appointed by the court by the agreement of counsel in this action."* We do not think that the principle of law as set forth in *Garland v. Improvement Co.,* 184 N. C., at p. 556, case cited by plaintiff guardian, applicable.

Conceding, but not deciding, that there was error in the judgment of the court below, yet on the entire record there is not such prejudicial or reversible error for which the judgment should be set aside.

In *Booth v. Hairston,* 193 N. C., at p. 281, speaking to the subject, is the following: "Our system of appeals is founded on public policy and appellate courts will not encourage litigation by granting a new trial which could not benefit the litigant and the result changed upon a new trial, and the nongranting was not prejudicial to his rights. *Bateman v. Lumber Co.,* 154 N. C., p. 253; *Rierson v. Iron Co.,* 184 N. C., p. 363; *Davis v. Storage Co.,* 186 N. C., 676. 'They will only interfere therefore, where there is a prospect of ultimate benefit.' *Cauble v. Express Co.,* 182 N. C., p. 451." The judgment of the court below is

Affirmed.