## EDMUND F. SUIT v. ROBERT S. SUIT.

*Practice—Referee—Exceptions to Report--Homestead.*

1. An exception to the report of a Referee should discriminate and point out specifically the faults complained of. An exception "that the Referee ought to have found as a conclusion of law that the plaintiff recover nothing" is not sufficient.

2. Where the defendant in his answer set up an itemized counter-claim and the Referee reported as to only *one* item, and the defendant excepted because "the facts from which the conclusions of law are drawn are not found with sufficient distinctness and certainty to warrant them," and also because "there are certain material issues raised by the pleadings and sustained by the evidence which the Referee has not set forth;" *Held*, that the exceptions are not sufficiently distinct and the Court will *infer* that the Referee passed upon all the items and rejected all except the one allowed.

3. Where the plaintiff having the equitable title to land sold his interest therein to the defendant and procured a conveyance to him from the person holding the legal title; *It was held*, that the defendant was not entitled to a homestead against a judgment rendered on a note given by him to the plaintiff as part of the price of the land.

CIVIL ACTION, tried at Fall Term, 1877, of GRANVILLE Superior Court, before *McKoy, J.*

This action was brought to recover the sum of $550 and interest alleged to be due by bond, and as the purchase money of a certain tract of land, of which it was alleged that the plaintiff was equitable owner in fee. The defendant denied that he bought the land of the plaintiff, but admitted that the legal title to the same as set forth in the complaint was vested in M. H. Suit, who conveyed it to the defendant, and alleged that the plaintiff was due him certain sums of money which were set up by items as a counter-claim. The plaintiff replied and said that the land was bought at a sale for him, while he was a minor, by said M. H. Suit; and that it was agreed that said Suit and plaintiff

should pay for the same in equal proportions, and that said Suit should have the deed executed to himself; and that the land sold was devised by the will of Robert Sweeney to the plaintiff and defendant and others, and was sold by an order of Court upon their petition for partition.

The case was referred to a Referee, who reported: (1) That defendant had made no payment on the bond; (2) that defendant loaned plaintiff $10, which has not been paid; (3) that said bond was given as part consideration for plaintiff's interest in the Sweeney land, and that the deed from said Suit to defendant for one half of said land, was executed at the request of plaintiff, and in fulfilment of his agreement with defendant in respect thereto; (4) that the Clerk of the late County Court sold the said land under said proceedings for partition, and executed a deed for the same to said Suit, the purchaser, and that it was agreed that plaintiff should have a deed for one half of the same, when he arrived at majority, upon payment of half of the purchase money, and that after the sale, the premises were occupied by said Suit and the plaintiff, as their joint property; (5) that the purchase money was paid by said Suit as follows,—said Suit and plaintiff paid in equal proportions all that was due, except the shares of the defendant and his two sisters who were minors, but an arrangement was made for their benefit with J. R. Suit their guardian who accepted the joint bond of the plaintiff and M. H. Suit for $—— being the amount due at that time, January, 1860, and upon which joint bond there is still an amount due, but how much, the Referee cannot state with any certainty; (6) that there was a contract between plaintiff and defendant, in which it was expressly agreed that defendant should, and did, assume the payment of such sum as the plaintiff was or might be liable for, on account of said bond; (7) that upon M. H. Suit's entering into the military service of the Confederate States in the year 1863, he drew up a paper

writing setting forth a contract between plaintiff and him-self, assigning to plaintiff that part of said land, which he afterwards at the request of the plaintiff conveyed to the defendant, and that this paper writing or deed came into the plaintiff's hands, but has been lost or destroyed; and (8) that defendant does not own any other land than that conveyed to him by M. II. Suit.

The Referee held that plaintiff was entitled to judgment for the amount of the bond, subject to the counter-claim of $10, and that defendant was not entitled to hold the land conveyed at the instance of the plaintiff as aforesaid, as a homestead exempt from execution, but that plaintiff was entitled to an execution against the same to satisfy this judgment.

The defendant excepted to the report, for that: 1. The facts from which the conclusions of law are drawn, are not found with sufficient distinctness and certainty to warrant them.

2. There are material issues raised by the pleadings and sustained by the evidence, which the Referee has not set forth.

3. The Referee ought to have held that defendant was entitled to hold the land as homestead exempt from execution, and specially that the value of his original interest in the Sweeney land and that of his two sisters, were exempt from execution, as a homestead.

4. That the Referee ought to have found as a conclusion of law that plaintiff recover nothing in this action.

His Honor overruled the exceptions, and confirmed the report of the Referee. Judgment. Appeal by defendant.

No counsel for plaintiff.
*Messrs. Busbee & Busbee,* for defendant.

READE, J. 1. The defendant's first exception, that the

Referee has not found the facts with sufficient distinctness and certainty, is itself so much at fault in that very particular, that for that reason, as well as for the further reason that it is not true in fact, we cannot sanction it.

2. And the same is true of the second exception.

3. The third exception to the report, because it finds that the plaintiff's claim is for the purchase money of the land in controversy, and therefore that the defendant is not entitled to a homestead therein, as against the purchase money, is not sustained.

4. The fourth exception that the Referee ought to have found generally against the plaintiff's claim and in favor of the defendants, is not sustained.

An exception ought to discriminate and point out specifically the faults complained of, else it has no force. For instance, how can it possibly aid the Court in finding out a fault, to say that the Referee ought to have found for the defendant instead of the plaintiff? Or that he has not been sufficiently clear in stating the facts, or in stating the law, without pointing out how, and in what, the faults consist, or to say that there are matters in the pleadings which are not reported upon, without pointing out such matters.

The plaintiff's claim is a $550 bond which the Referee finds to be due and unpaid, in whole or in part. The defendant sets up a counter-claim of $90, and names the items, one of which is for $10. The Referee allows the $10 only as the counter-claim, and deducts it from the plaintiff's claim, and finds the balance. And then the defendant says, in his argument, although it is not in any exception that the Referee did not pass upon *all* of his counter-claim, we infer that he passed upon all and rejected all except the item allowed, $10.

At any rate, that is not in the exceptions. Again the defendant complains that the plaintiff had given to the guardian of the defendant a bond for the benefit of the de-

fendant, and that that bond had not been paid. The Referee finds that such bond was given, and that it was for $— (leaving the amount blank) and that there remained a balance due on it, leaving the amount due blank. And then the defendant says that those blanks ought to have been filled up. And that would seem to be so, but for the fact that the Referee finds that it was a part of the land trade between the plaintiff and defendant. that the defendant was to pay off that bond, and relieve the plaintiff from it. It was therefore wholly immaterial what the amount of the bond was, or how much was the balance unpaid.

So far as we can see, the rights of the parties were fairly ascertained and declared, and that the exceptions were properly overruled, and the report confirmed.

There is no error. Judgment would be rendered here for the plaintiff, but as there has to be a sale of the land, and as that can be better done below than here, this will be certified, and the cause remanded, that there may be judgment below for the plaintiff, and such further proceedings as the law allows.

No error.

PER CURIAM.                              Judgment affirmed.