## E. C. CHASTAIN v. NATHAN COWARD.

### *Exceptions—Consideration—Practice.*

1. Where the decision of all questions both of law and fact is left to the Judge below under the provisions of C. C. P. § 240, his findings and conclusions will not be reviewed by this Court, unless exceptions appear to have been aptly taken, or error is distinctly pointed out.

2. Where one agrees to take a judgment against a third party in satisfaction of a debt, all inquiry as to the amount realized on such judgment is irrelevant in a suit for the recovery of the original debt.

CIVIL ACTION tried at Fall Term, 1877, of JACKSON Superior Court, before *Furches, J.*

By consent of parties a jury trial was waived and His Honor found the following facts: In the year 1872 or '73, the plaintiff agreed to sell defendant a tract of land in Jackson county for $2300; and in 1872 the defendant contracted to sell to one J. G. Chastain and others a tract of land in Clay county, and executed to them a bond for title, they paying part cash and giving their notes for the balance of the purchase money, and upon failure to pay the notes, the defendant recovered judgment against them at Fall Term, 1874, of said Court for the amount due thereon, and a decree for the land to be sold for its payment.

The agreement between plaintiff and defendant as aforesaid was not reduced to writing until the 10th of March, 1875, and upon entering into settlement of the balance due the plaintiff, the defendant having previously paid a part of the price, it was ascertained that it was about the same amount as that recovered in the judgment in favor of defendant against said J. G. Chastain and others. And thereupon the defendant made an assignment of said judgment to the plaintiff, and the plaintiff executed to him a bond for title to the land in Jackson county, and from that time took control of the judgment against said parties, and after indulging them for some time, he directed the sheriff of Clay county to sell the land for its payment, attended the sale and bought the land at $100. one Thomas Chastain being present and forbidding the sale under a claim of title in himself. It was in evidence that the land unincumbered was worth about $1,500, and that doubts as to the title prevented it from bringing a better price at the sale. The testimony as to the value of the land was objected to by plaintiff, and the objection overruled. The plaintiff now claims title to the land in Clay county.

Upon these facts it was contended by the plaintiff that

the assignment of the 10th of March as aforesaid, was only for the proceeds or what might be recovered on said judgment, and insisted that the defendant owed him a balance upon their original contract and demanded judgment in this action for the same; but the defendant insisted that the plaintiff took the assignment of the judgment in full satisfaction of the balance due him for the land in Jackson county; and His Honor being of opinion with defendant adjudged that plaintiff execute a deed to him conveying the said land in Jackson county, from which ruling the plaintiff appealed.

*Messrs. Busbee & Busbee,* for plaintiff.

*Mr. J. H. Merrimon,* for defendant.

FAIRCLOTH, J. The principal fact controverted in this case was the payment of the balance of the purchase money for the land. That turned on the inquiry whether the assignment of the proceeds of a judgment, referred to in the case, was in full satisfaction of said balance. By consent of parties all issues were referred to His Honor, and his finding of fact was in the affirmative. Upon his finding of facts the judgment of the Court was that the plaintiff make title by a deed of conveyance to the defendant. No exceptions to the admission of evidence, nor to the conduct of the trial below, were made, and we see none that could be made here, and the judgment was proper according to the facts found. If the allegation of the plaintiff had been sustained by the finding of the facts in regard to the assignment of the proceeds of the judgment, then he would have been declared to hold the land purchased under said judgment, in trust for the defendant. This position he disclaims, and insists that the land purchased belongs to him, which is not denied by the defendant. As no judgment was rendered on the counter claim below, we do not consider it. Let final judgment be entered here.

No Error. Affirmed.