A. B. CURRIE, Admr., v. MALCOLM McNEILL, Ex'r and others.

*Executor—Settlement of Estate—Statute of Limitations—Husband's Interest in deceased Wife's Share—Failure to Collect—Confederate Currency—Exceptions to Referee's Report.*

1. Where two slaves belonging to an estate were put in the possession of the plaintiff (who was the then husband of one of the heirs-at-law and distributees) and converted by him to his own use, and afterwards, in

an action by the executor against him to recover their value, an entry was by consent made on the docket, " By consent of parties suit dismissed at costs of defendant;" *Held*, that, in an action against the executor by the plaintiff as administrator of his deceased wife for a settlement of the estate, the statute of limitations was a bar to any claim by the executor on account of said slaves;

*Held further*, that the conversion being a tortious act of the plaintiff and not of his wife, cannot impair her claim to a share of the estate;. and it does not matter that the plaintiff suing as her administrator is. the equitable owner of her estate.

2. An executor is not chargeable with the face value of securities which might have been collected in full before the war, but the collection of which was not required by the exigencies of the estate, and if collected, must have been re-invested, but he is chargeable only with the amount actually collected after the war, there being no imputation of a want of diligence in then making the effort to collect or that an effort then would have averted the result.

3. Where in the settlement of an estate, the collections made by the executor during the war are not scaled, neither should the disbursements then made be scaled.

4. Where an executor collected in Confederate currency less than he disbursed, part of the disbursements being of his individual funds, he is not entitled to credit for the excess of the disbursements over the collections.

5. An exception to a referee's report "that the sum for distribution is incorrect and should be larger," is too indefinite to be considered.

   (Observations by SMITH, C. J., upon the irregularity of permitting two accounts of an administration to be stated, one in the probate court, and the other under reference in the superior court.)

(*Holliday* v. *McMillan*, 79 N. C., 315; *Ransom* v. *McOlees*, 64 N. C., 17; *Drake* v. *Drake*, 82 N. C., 443; *Whitford* v. *Foy*, 71 N. C., 527;. *Chastain* v. *Coward*, 79 N. C., 543; *Suit* v. *Suit*, 78 N. C., 272; *Overby* v. *Fayetteville*, 81 N. C., 56, cited and approved.)

SPECIAL PROCEEDING for the settlement of an estate, commenced in the probate court and heard on exceptions to a report, at Fall Term, 1879, of MOORE Superior Court, before: *Seymour, J.*

The defendants appealed from the ruling and · judgment. of the court below.

12

*Messrs. Hinsdale & Devereux*, for plaintiffs.
*Messrs. J. D. McIver* and *Geo. V. Strong,* for defendants.

SMITH, C. J.   This action instituted in the probate court
has for its object the settlement of the estate of Daniel Mc-
Neill in the hands of the defendant, Malcolm McNeill, his
executor, and after many successive amendments in the
pleadings, the issues arising thereon were eliminated and
certified to the superior court where by consent they were
to be referred under the code subject to exceptions and the
right of appeal.   At the same time the clerk of the supe-
rior court proceeded to state an account of the executor's
administration.   The referee and clerk make their separate
reports, and various exceptions to each are filed on behalf
of the several interested parties on which the judge has
passed, and from his rulings the executor appeals.

The only matters therefore before us for review are such
exceptions of the plaintiff and others, entitled to the resid-
uary legacy, as are decided adversely to the executor, and
his own disallowed exceptions.   The exceptions to the re-
port of the referee, Black, will be first considered.

Exceptions of plaintiff A. B. Currie, sustained by the court.

3 Ex.   The referee allowed the executor, as an off-set
or claim, the value of two negro slaves belonging to the
estate and sold by the plaintiff A. B. Currie in 1859, to which
two defences had been interposed—the bar of the statute of
limitations and the estoppel of a previous adjudication.

The slaves were put in possession of the plaintiff with
two others, bequeathed by the testator to his wife Caroline,
and converted to his use.   The action to recover their value
brought by the executor terminated at spring term, 1866,
in an entry on the docket in these words :   "By consent of
parties suit dismissed, at costs of defendant and the defend-
ant has paid the costs."   The present suit was commenced
on October 21st, 1874.

The court held the statute to be an effectual bar to the claim and in this opinion we concur.

The argument for the defendant is, that the delivery of the slaves was in payment of the wife's legacies to their value, and the statute has no application. This theory has no support in the facts of the case, and is contradicted by the suit brought for their recovery and its adjustment. It was a tortious act of the defendant, not of his wife, and cannot have the effect to impair her claim to a share of the residuary fund.

It is insisted again that the plaintiff suing as the administrator of his wife is the equitable owner of her personal estate, and it should be applied in discharge of his individual liability to it, and the value of the slaves sold treated as an advanced payment of her legacy. But the lapse of time is a barrier. against the assertion of the claim, and being relied on admits of no such adjustment. Besides the plaintiff must dispose of her personal property in a due course of administration and is only entitled to the distributable surplus remaining. "We do not know what may be the liabilities of the wife's estate," remarks READE, J., in answer to a similar argument, " and we cannot administer it in this action. The claims of the defendants are not against the wife's estate, *but against the husband plaintiff* in his individual capacity, and they. are neither sets-off nor counter-claims in this action." *Holliday* v. *McMillan,* 79 N. C., 315. This is not in conflict in with the decision in *Ransom* v. *McClees,* 64 N. C., 17, which rests upon entirely different grounds.

. Ex. 4. This exception depends upon the second defence, to-wit, the adjudication in the action for the value of the slaves converted, which is also held to be a bar. This need not be considered because the preceding exception disposes of the claim.

Exceptions of the plaintiff and others to the report of the clerk sustained by the court. . .

1 & 3 Exs. The executor is not charged with the sums mentioned, but only with the sum realized from a sale of the securities under the order of the probate judge. The court rules that he should account for the face value of the securities upon the ground that they " were good and might have been put in judgment and collected before the first stay law and that they were lost by the negligence of the defendant."

In our opinion the ruling is not warranted upon the facts stated. The collection was not required by the exigencies of the estate, and the fund, if collected, would have to be reinvested. If retained, it would have become worthless, and why change an investment already made and apparently entirely safe? The largest debtors were of ample present means, and their insolvency is due to causes a trustee is not bound to foresee and provide against. Wherein then lies a culpability entailing upon him the personal loss? It might with equal if not greater propriety, be insisted that his collection of funds safely invested was an act of negligence, subjecting him to responsibility for the loss. Nor does it appear that reducing the demand to judgment would have added to its security, and if it would have done so, that already possessed seemed to be abundant and the fiduciary might rest content with its preservation. There is no imputation of a want of diligence in making the effort to collect after the war, or that an effort would have averted the result. This ruling of the court is reversed and the exception disallowed.

5 Ex. That certain sums paid for taxes should be scaled.

The ruling of the court upon this exception must be also reversed. The collections seem to have been largely in confederate currency. These are not reduced by the scale. Why should the disbursements be put upon a different footing? As the executor is charged with the currency received at its face value, it is but fair he should be credited

in like manner with what he pays out. *Drake* v. *Drake*, 82 N. C., 443.

7 Ex. The executor is improperly allowed the sum of $680 in confederate currency and $800 in confederate bonds, with interest from January 1, 1863, of the trust fund remaining on hand and worthless: The court upholds this exception and assigns as a reason for the ruling that the executor collected less of this money than he has paid out and now holds, and cannot be permitted to use his own moneys to the detriment of the estate. It is not alleged or suggested that he did not collect and keep separate from his own, the moneys of the estate of which these sums constitute a portion, but that some of the aggregate amount (that heretofore paid out) was his own individual property. We do not agree in the conclusion that the whole credit should be stricken out, while we do agree in disallowing so much thereof as measures the excess of the disbursements over the receipts. *This excess* is not a part of the trust fund and should be deducted from the aggregate and the residue only admitted as a credit.

9 Ex. There are many exceptions similar to this. For that the sum for distribution is incorrect and should be larger; the shares of each being by the report $205.55

This is not properly an exception, but a declared consequence of the correctness of the account before demanded, and if it were in substance as well as in form, the exception is too indefinite to be considered. *Whitford* v. *Foy*, 71 N. C., 527; *Chastain* v. *Coward*, 79 N. C., 543; *Suit* v. *Suit*, 78 N. C., 272; *Overby* v. *Fayetteville B. & L. A.*, 81 N. C., 56.

The same disposition must be made of exception 1 of A. B. Currie, administrator of his deceased wife Catherine, as administrator of Ann Gillis, and as administrator of Alexander McNeill, and of Neil D. McNeill and Daniel McNeill, all of which are of the same kind and obnoxious to the same objection.

The disallowed exceptions of the executor to the referee's report, except as their subject matter has been already considered and decided, do not bear materially upon the result and for the reasons given by the court, the rulings thereon are affirmed.

The account rendered by the clerk will be corrected and reformed as required by the unreversed rulings of the court below and the rulings in this court, and in order thereto there must be a reference.

We have overlooked grave irregularities in the record certified to the court in order to a solution of the questions intended to be presented and a determination of the controversy upon its merits. The record shows that after transmitting the issues to the superior court the probate judge retained the cause and proceeded to take and state the administration account. The matters involved in the reference are no obstacle to an order for an account and properly belong to the account. The only defences which need to be previously determined are such as discharge the party altogether, as a release or accord and satisfaction, or a full and final settlement before had, and those which upon the taking the account may show nothing to be due.

The matters of defence set up in the answer tend in this direction and may be passed on in taking the account, and there was therefore no necessity for the appointment of the referee. The two reports must therefore be consolidated and treated as one, though the practice of a double reference is calculated to introduce confusion and embarrassment and is strongly disapproved; and this we do the more readily, because no objection was made on the trial and the validity of both reports are recognized in the filing of the numerous exceptions to each of them. The numerous cases cited for the defendant, in regard to references under the code, were decided before the recent constitutional changes enlarging the appellate jurisdiction of this court under

which the practice must be modified. We have already said that in references for an account similar to that which prevails in a court of equity, the judge must pass upon the whole case presented in the report and the evidence as well upon which the findings of fact are based without the necessary intervention of a jury, and so must this court upon the appeal according to the former equitable usages.

The court therefore considers the appeal from the same point occupied by the judge below and must correct all his erroneous rulings upon a full review.

Upon the confirmation of the report directed to be made, final judgment will be entered, until which the cause is retained.

PER CURIAM.                          Judgment accordingly.