MARCUS TILLEY, Administrator, v. MARY M. BIVENS et al.

*Appeal—Reference—Exceptions—Motion to Recommit.*

1. An exception should point out the error complained of. A mere
   "objection" is not a compliance with the statute or the rules of
   Court in that respect.
2. The fact that a referee failed to find certain facts is not ground for
   an exception, but is ground for a motion to recommit with
   instructions.

CIVIL ACTION, heard upon motion to confirm report of
referee at January Term, 1891, of DURHAM Superior Court,
*Boykin, J.,* presiding.

This is a special proceeding, brought by the plaintiff
administrator with the will annexed, to obtain a license to
sell the real estate of his testatrix to make assets to pay debts,
etc. The defendant denied that the estate was chargeable
with debts as alleged, and denied that there was necessity
for sale of the land, etc. By consent of parties there was an
order of reference to take and state an account, etc. The
referee took evidence at great length, found the facts and
made report, to which the defendants filed divers exceptions.

The Court adopted the findings of fact, overruled all the
exceptions, both to the findings of fact and law, and granted
the license to sell the land, etc., and the defendants appealed.

*Mr. W. W. Fuller,* for plaintiff.
*Messrs. J. Parker* and *J. S. Manning,* for defendants.

MERRIMON, C. J.: It appears that there were one hundred
and seventy-five "objections" to evidence before the referee,
most of which seem to have been merely captious. There is
no assignment of error, nor does the "objection" suggest the
ground of it. Mere objection does not serve the purpose of

an exception, and the latter, when made, must specify in terms or by intelligent implication what the ground of it is; otherwise, it must go for naught. This is required by the statute as well as the settled practice of this Court. *The Code,* § 412, par. 2; *Suit* v. *Suit,* 78 N. C., 272; *Cooper* v. *Middleton,* 94 N. C., 86; *Battle* v. *Mayo,* 102 N. C., 413; *Joyner* v. *Stancill,* 108 N. C., 153.

There are divers exceptions to the report of the referee. Most of these relate to findings of fact. The Court approved and adopted these findings as its own, and as there was evidence from which they might be made we cannot review them. This is settled by many decisions.

There were exceptions based upon the ground that the referee had failed to find certain facts. This was not ground of exception; it might have been ground of a motion to recommit the report, with instruction to find them if it appeared that they were material. *Blalock* v. *Manufacturing Co., ante,* 99.

The exceptions to conclusions of law present no questions of importance, and it can serve no useful purpose to refer to them in detail. It is sufficient to say that most of them are fully warranted by the findings of fact. Nothing appears to show that the plaintiff ought to be taxed with any part of the costs, or that costs were improperly allowed. The exceptions in these respects should state facts sufficiently to show the ground of objection; otherwise, the presumption is that the allowance was properly made and the judgment was correct.

                                                      Affirmed.