## MATTHEWS v. FRY.

(Filed December 18, 1906).

*Findings of Fact by Judge—Exceptions—Conclusiveness—Appeal—Reversal.*

1. Where the parties waived a jury trial and agreed that the Judge should find the facts and enter judgment thereon, and the Judge found the facts and entered judgment in favor of the defendant, and upon appeal this Court was of opinion that upon the facts found judgment should have been entered in favor of the plaintiff, and entered its order "Reversed": *Held,* that upon presentation of the certificate of opinion, the Court below properly entered judgment for the plaintiff, and the defendant's motion for a trial *de novo* on the ground that some of the findings of fact had been made without any evidence to support them, came too late, he having acquiesced in the findings without exception.

2. The findings of fact by the Judge, when authorized by law or consent of parties, are as conclusive as when found by a jury, if there is any evidence.

ACTION by John G. Matthews against A. M. Fry and another, heard by *Judge W. R. Allen* and a jury, at the August Term, 1906, of the Superior Court of SWAIN. From the judgment rendered, the defendant appealed.

*Dillard & Bell* and *Bryson & Black* for the plaintiff.
*Shepherd & Shepherd* and *C. W. Rowe* for the defendant.

CLARK, C. J. "The parties waived a jury trial and agreed in writing that the Judge should find the facts and enter judgment thereon, as upon the facts so found he might decide the law to be." The Judge found the facts and entered judgment thereon in favor of the defendant. Upon appeal, *Matthews v. Fry,* 141 N. C., 582, this Court was of opinion that upon the facts found judgment should have been entered in favor of the plaintiff, and entered its order "Reversed." When the certificate of opinion was presented in the Court below the

plaintiff moved for judgment in accordance therewith. The defendant resisted this judgment and asked for trial *de novo* and insisted that some of the findings of fact had been made by the Judge without any evidence to support them.

The judgment was properly entered for plaintiff in accordance with the mandate of this Court to reverse the judgment. *Summerlin v. Cowles,* 107 N. C., 462; *Bernhardl v. Brown,* 118 N. C., 711. The findings of fact by the Judge when authorized by law or consent of parties are as conclusive as when found by a jury, if there is any evidence. *Branton v. O'Briant,* 93 N. C., 103; *Roberts v. Ins. Co.,* 118 N. C., 435; *Walnut v. Wade,* 103 U. S., 688. If there was any ground to except to such findings because without evidence to support the finding, upon any point, or for any other cause, the defendant should have done so and have brought up his side of the case also when the plaintiff appealed, or at least he should have entered an exception so as to preserve his rights. It is not unusual for both parties to appeal. Having acquiesced in the findings of fact without exception, it is too late to except now.

If the defendant was dissatisfied with the ruling of this Court upon the law, his remedy was by a petition to rehear —which he did, and the petition was disallowed—and not by a motion for a new trial in disregard of the mandate of this Court.

Affirmed.