CENTRAL HANOVER BANK AND TRUST COMPANY, GURNEY P. HOOD, Commissioner of Banks, et al., v. F. H. COOKE and Wife, JULIA C. COOKE.

(Filed 26 April, 1933.)

**Justices of the Peace E b—Refusal of recordari upon finding from conflicting evidence that appellant was guilty of laches is upheld.**

While an appellant has the right to a writ of *recordari* to bring up an appeal from the justice's court to the Superior Court where the appeal is not docketed in time through fault of the court or its officers, where the trial court finds upon conflicting evidence upon a motion for *recordari* that the appellant had been guilty of inexcusable neglect and laches in failing to perfect and docket his appeal, and that the petition for *recordari* was not applied for until execution had been issued and the judgment docketed more than sixteen months, the finding of the court upon the conflicting evidence is conclusive, and his order refusing to grant the writ of *recordari* will be affirmed.

Civil action, before *Sinclair, J.,* at November Term, 1932, of Franklin.

On 21 April, 1931, the plaintiffs secured a judgment against the defendants for the sum of $150.00 in a court of the justice of the peace. Immediately after the judgment was rendered and in open court, the defendants gave notice of appeal to the Superior Court and paid the justice of the peace all legal fees and all fees required for having the appeal docketed in the Superior Court. The defendant, F. H. Cooke, immediately thereafter went to the office of the clerk of the Superior Court of Franklin County and gave a justified bond to stay execution on said judgment, which was accepted and filed by the clerk. Execution was duly issued upon the judgment and served upon the defendants. Thereupon the defendants, discovering that the appeal from the justice of the peace had never been properly docketed, filed a petition on 21 October, 1932, requesting a writ of *recordari.* The plaintiffs filed an answer to the motion and petition, and the cause was heard by the trial judge.

The justice of the peace, who tried the case in April, 1931, made an affidavit stating that the defendant paid the fees allowed him by law for sending the said appeal and the papers in connection therewith to the office of the clerk of the Superior Court of Franklin County . . . and at the same time, or immediately thereafter he advised the defendants that the said appeal had been sent to the office of the clerk of the Superior Court. The defendant, in his petition for *recordari,* stated that at various times he had visited the office of the clerk and had been informed that the case would be on the trial calendar. The clerk made an

affidavit, stating that the defendant came to his office inquiring about the case afterwards, and that he was advised on each occasion that the appeal had not been received and had not been docketed.

The trial judge found the following facts: "That the defendants herein have been guilty of inexcusable neglect and laches in perfecting and docketing their appeal from the magistrate's judgment to the Superior Court of Franklin County, and that said writ and petition for *recordari* was not applied for by the defendants until after execution had been issued against the defendants more than sixteen months after the docketing of said judgment in the Superior Court of Franklin County, and that several terms of court had intervened during said period of time."

Upon denial of the petition for *recordari* the defendants appealed.

*W. L. Lumpkin for plaintiffs.*
*Gulley & Gulley and C. P. Green for defendants.*

BROGDEN, J. The law requires an appeal from a judgment of a justice of the peace to be taken to the next term of Superior Court. "The next term means any term, civil or criminal, which begins after the expiration of the ten days allowed for serving a notice of appeal. An attempted docketing at a subsequent term is a nullity. If the magistrate fails to perform his duty in sending up the appeal, or if the judge is unable to attend the court, the appellant, if in no default, may apply for a *recordari* at the term first convening after the appeal is taken and thereby preserve his rights." *S. v. Fleming, ante,* 40.

It has been frequently held that appellant is entitled to a writ of *recordari* or even of *certiorari,* in those cases in which the failure to perfect the appeal was due to some error or act of the court or its officers and not to any fault or negligence of the appellant or of his agent. *Winborne v. Byrd,* 92 N. C., 7; *Johnson v. Andrews,* 132 N. C., 376, 43 S. E., 926; *Bank v. Miller,* 190 N. C., 775, 130 S. E., 616.

The evidence submitted to the trial judge was conflicting. There was evidence tending to show that the justice of the peace mailed the papers to the clerk, and that they had been received by him. However, the clerk denied that any papers had been filed in his office. Hence the findings of fact by the trial judge supported by competent evidence, are conclusive. While the findings are not stated in full detail, nevertheless it cannot be said that they are inadequate as a matter of law. *Eley v. R. R.* 165 N. C., 78, 80 S. E., 1064.

Affirmed.