W. P. ODOM ET AL. v. FANNIE DRY ODOM PALMER ET AL.

(Filed 11 December, 1935.)

1. **Pleadings D e—**

A demurrer admits, for the purpose, the truth of the allegations of fact and challenges the right of the pleader in any view of the matter.

2. **Executors and Administrators E b—Funds in heirs' hands from sale of land claimed by them by descent may be attached to pay estate's debts.**

Where the heirs at law, in their suit to declare a resulting trust in certain lands deeded by intestate during his lifetime, obtain a consent judgment providing that the lands be sold and part of the proceeds paid to the heirs, the heirs' share of the proceeds are chargeable with the debts of the estate, since their right to the funds is based upon their claim to the land in the capacity of heirs, and their demurrer to the administrators' pleading, alleging the facts and insufficiency of the assets ·of the estate to pay debts, is properly overruled. C. S., 74.

3. **Executors and Administrators E c—Administrators' interplea to claim funds to pay debts held proper in heirs' suit to declare resulting trust.**

In the suit of heirs at law to declare a resulting trust in lands deeded by intestate during his lifetime, judgment was entered that the lands be sold and part of the proceeds paid the heirs, and the cause retained. *Held:* An order allowing the administrators to interplead and claim the funds allotted to the heirs in order to pay debts of the estate was proper under the facts.

4. **Pleadings A a—**

It is the policy and purpose of our procedure to determine all matters in a given controversy in one action whenever possible.

**5. Evidence D k—**

The admission of the pleadings in the original action and in a former proceeding between the same parties is upheld on authority of *Alsworth v. Cedar Works*, 172 N. C., 17.

**6. Judgments L b—Question of dower held not involved in prior suit against widow individually and judgment held no bar to claim of dower.**

In a petition ·to sell land to make assets to pay debts of the estate, intestate's widow asked that the value of her dower right in the land be determined and paid to her from the proceeds of sale. The land was sold and part of the value of the widow's dower right as determined in the proceeding was paid her. Thereafter, the heirs at law sued the widow individually to engraft a resulting trust on other lands which had been conveyed to her by intestate during his lifetime. A consent judgment was entered in the heirs' action decreeing the sale of the land involved and the payment to the heirs of a part of the proceeds. After the sale, but before distribution of the proceeds, the widow and her coadministrator intervened in their representative capacity and claimed the funds allotted to the heirs to pay debts of the estate, including the unpaid balance due the widow upon her claim of dower as determined in the original proceeding, the widow asserting no dower right in the land recovered by the heirs in their suit. *Held:* The failure of the widow to assert her claim for dower in the heirs' action against her individually does not bar her from ·asserting her claim therefor against the fund as a debt of the estate after her intervention in her representative capacity, the question of dower not being involved in the original suit by the heirs to declare a resulting trust.

**7. Trial H b—**

In the absence of exceptions to the findings of fact by the court under agreement of the parties, his findings are conclusive. N. C. Constitution, Art. IV, sec. 13.

**8. Trial H a—Record held to show agreement of parties to waive jury trial.**

Where the case on appeal recites that the parties agreed that the court might render judgment out of term and out of the district, and the judgment recites that the parties agreed to trial by the court and the rendition of judgment out of term and out of the district, appellant's contention that trial by the court had not been agreed upon cannot be sustained, since trial by jury would be impossible under the agreement that judgment might be rendered out of term and out of the district, and there is no conflict between the recitals in the case on appeal and the judgment, nor objection to failure to submit the case to a jury.

APPEAL by plaintiffs from *Alley, J.,* at June Term, 1935, of ANSON.

The facts were these: John W. Odom died intestate in Anson County on 26 April, 1926, leaving him surviving his widow, Fannie Dry Odom (now Fannie Dry Odom Palmer, one of the defendants). The plaintiffs are his children and grandchildren and only heirs at law.

The Bank of Wadesboro and the said Fannie Dry Odom Palmer qualified as administrators of said estate, and in October, 1926, filed a

petition to sell the lands of decedent to make assets to pay debts. All the heirs were duly made parties, and on 29 August, 1927, a decree was made by the clerk of the Superior Court ordering sale of the lands described in the petition, and appointing H. P. Taylor, T. L. Caudle, and H. H. McLendon as commissioners to sell.

Pursuant to said decree said commissioners thereafter sold all of said land except several small parcels, and the entire net proceeds was used to pay debts of the estate.

That in said proceeding to sell land to create assets the defendant Fannie Dry Odom Palmer filed an answer in which she asked that the value of her dower rights in said land according to her expectancy in life be determined and paid to her absolutely out of the proceeds of such sales.

That on 22 February, 1928, the plaintiffs as children and heirs at law of John W. Odom, instituted suit against Fannie Dry Odom Palmer and her husband, C. M. Palmer, and filed complaint alleging that in the lifetime of John W. Odom certain lots in the town of Wadesboro were conveyed to said Mrs. Palmer under such circumstances as to create a resulting trust in favor of John W. Odom, and that she then held the title thereto for the benefit of these plaintiffs as his heirs, and asked the court to so declare, and to require her to account for the rents. The defendant in that action, Mrs. Fannie Dry Odom Palmer, filed a demurrer. When the case came on for trial at the September Term, 1928, of said court, before Stack, J., all the parties being before the court, a compromise was effected and a consent judgment entered, wherein it was adjudged that the plaintiffs and Fannie Dry Odom Palmer were "jointly the owners of the property," and Rowland S. Pruette, H. P. Taylor, and B. M. Covington were appointed commissioners to sell the lots described in the action with directions to pay fifty-five per cent of the net proceeds to Fannie Dry Odom Palmer and forty-five per cent to the plaintiffs. It was further adjudged that all encumbrances on said lots should constitute a liability of the estate of John W. Odom and be paid by his administratrix.

The said judgment contained the following provisions:

"It is further adjudged that the heirs at law of John W. Odom and the administrators aforesaid, shall not plead the statute of limitations against any claims of Fannie Dry Odom (now Fannie Dry Odom Palmer) against the estate of John W. Odom for any money loaned or advanced to the said John W. Odom by her during his lifetime.

"This judgment, however, shall not be construed as an admission of any liability of any claims which Fannie Dry Odom may have against the estate of John W. Odom, such claims being subject to due proof as other claims presented against said estate.

"This cause is retained for such further orders and decrees as may be necessary to be made in order to effectuate the intents and purposes of this judgment."

Pursuant to the directions contained in the judgment of Judge Stack, the commissioners sold the lots described, paid to said Mrs. Palmer fifty-five per cent of the net proceeds, and now hold forty-five per cent thereof for the plaintiffs, amounting to about $13,000.

At March Term, 1935, of Anson the Bank of Wadesboro and Mrs. Fannie Dry Odom Palmer, administrators of the estate of John W. Odom, filed a petition asking to be allowed to make themselves parties to the action in the Superior Court, entitled as above, alleging that all the assets of the estate except a small amount had been exhausted, and that there were debts remaining unpaid amounting to about $14,000. The petition was allowed by the court, and no exception was taken thereto.

By leave of the court thus obtained, the said administrators filed an interplea setting out the condition of said estate and alleging there was due said Fannie Dry Odom Palmer for balance due on the value of her dower rights in the lands sold under the decree of August, 1927, $8,249.22, for money advanced by her, $2,642.55, and that there was due Bank of Wadesboro on note, $2,799.20, and due clerk of the court, $375. And petitioners asked that the forty-five per cent of proceeds of sale of lots now in the hands of commissioners be condemned to pay said debts and be turned over to said administrators for that purpose.

There was no claim for dower in the forty-five per cent of proceeds of sale under the Stack judgment.

The plaintiffs (other than F. O. Clarkson, trustee) filed no reply to this interplea, but moved to dismiss the petition "for that it did not state a cause of action to show any right to the proceeds in question."

Motion denied and plaintiffs excepted.

Plaintiff, F. O. Clarkson, trustee in a deed of trust by Rosa L. Niven, one of the plaintiffs, filed a reply denying, for want of sufficient information, the allegations of indebtedness of the estate, and averring further that the estate had been wasted by the administrators, and denied petitioner's right to have the fund paid over to the administrators of said estate.

By virtue of an agreement of counsel that the court might find the facts and conclusions of law without the intervention of a jury, as of June Term, 1935, Judge Alley entered the judgment appealed from wherein, after finding certain facts, he concluded as a matter of law that the plaintiffs took their proportion of the land and forty-five per cent of the proceeds of sale thereof as heirs of John W. Odom, and that said fund in the hands of the commissioners was subject to the payment of the debts of the estate and the costs of administration. Therefore, the

court ordered the commissioners, Pruette, Taylor, and Covington, to "turn over to the administrators of the estate of John W. Odom the fund derived from the forty-five per cent interest in said lands described in the consent judgment, so that so much thereof as may be necessary may be used by said administrators to pay the balance due on the widow's dower, debts of said estate, and costs and charges of administration."

From this judgment plaintiffs appealed.

*A. M. Stack, Fred J. Coxe, James O. Moore, Taliaferro & Clarkson, Pruette & Caudle, and Taylor & Thomas for plaintiffs.*

*R. L. Smith & Son and Lee Smith for defendants.*

DEVIN, J. The plaintiffs' motion to dismiss the petition or interplea on the ground that it did not state facts sufficient to show any right to the proceeds in question, treated as a demurrer *ore tenus,* was properly denied.

A demurrer admits, for the purpose, the truth of the allegations of fact and challenges the right of the pleader in any view of the matter. *In re Champion Bank and Trust Co.,* 207 N. C., 802.

The interplea filed by permission of the court, and without objection, alleges that the fund in question was recovered in a suit by the heirs of John W. Odom; that it was decreed to be paid to the plaintiffs as heirs; that the land which was sold and from which the fund arises belonged to John W. Odom, and that the proceeds now in the hands of commissioners are subject to the payment of the debts of John W. Odom and the costs of administration, there being no other assets sufficient for that purpose. Judge Stack's judgment (attached to the interplea) refers to plaintiffs as heirs of John W. Odom and recognizes the liability of the fund for payment of the debts of his estate.

It is clear that the plaintiffs had no title to the land or to the fund from the sale thereof, except as heirs of their father, John W. Odom, and it therefore came to them charged with the payment of his debts. The fund is still intact and available to pay debts. C. S., 74, *et seq.; Avery v. Guy,* 202 N. C., 152; *McLean v. Leitch,* 152 N. C., 266.

There was no exception entered to the order of the court permitting the administrators to set up this claim to the fund by interplea in the original action. Under the facts in this case the order was proper.

It is the recognized policy and expressed purpose of our present system of procedure that all matters in a given controversy should, as far as possible, be settled in one and the same action. *Guthrie v. Durham,* 168 N. C., 573.

The plaintiffs' objection to the admission of the pleadings in the original action and in a former proceeding between the same parties

4—209

ODOM v. PALMER.

is without merit. *Alsworth v. Cedar Works,* 172 N. C., 17. Nor is the widow estopped now to assert her dower rights because of failure to do so in the original action. The question of dower was not involved in the suit against her individually to recover the land, nor did the judgment undertake to adjudicate the question. *Chappell v. Surety Co.,* 191 N. C., 703.

The defendant Fannie Dry Odom Palmer makes no claim for any dower interest in the fund represented by the forty-five per cent of the proceeds of sale of the lots, but for the value of her dower rights in the land sold by the commissioners under the decree of August, 1927, and in that proceeding she had asked that the value of her dower rights in the land therein decreed to be sold be paid to her absolutely out of the proceeds. This amount not having been paid in full, she sets it up now as. a debt against the estate.

No statute of limitations is pleaded, nor would such a plea avail the plaintiffs under the facts of this case. *Campbell v. Murphy,* 55 N. C., 357.

The plaintiffs excepted to the judgment, but there was no exception to any of the findings of fact, nor to any specific conclusion of law.

In *Buchanan v. Clark,* 164 N. C., 56, *Walker, J.,* uses this language: "Parties can have their causes tried by jury, by reference, or by the court. They may waive the right of trial by jury by consenting that the judge may try the case without a jury, in which event he finds the facts and declares the law arising thereon. His findings of fact are conclusive, unless proper exception is made in apt time that there is no evidence to support his findings or any one or more of them."

This statement of law is approved by *Brogden, J.,* in *Assurance Society v. Lazarus,* 207 N. C., 63; McIntosh, N. C. Practice and Procedure, sec. 517.

The Constitution of North Carolina, Art. IV, sec. 13, provides: "In all issues of fact joined in any court, the parties may waive the right to have the same determined by a jury; in which case the finding of the judge upon the facts shall have the force and effect of a verdict by a jury."

The case on appeal recites: "After argument of counsel on both sides, it was agreed that the judge might render judgment out of term and out of the district. The question of a jury trial was not mentioned."

In his judgment Judge Alley states: "It was agreed by counsel that the court might find both the facts and the law without the intervention of a jury, and that the court might take the papers and study same and enter judgment out of term and out of the district."

While the agreement of counsel is set out more fully in the judgment than in the "case," there is no material difference nor contradiction.

Manifestly a jury trial would not have been possible under the agreement, nor was objection made to failure to submit the case to a jury.

In the absence of suggestion that the facts as to the agreement were not correctly stated, the findings of the judge are conclusive.

The facts found by the court below fully warrant the judgment.

Affirmed.