EMMA S. FISH v. JANE ALICE FISH HANSON AND LUCY MOORE, INDIVIDUALLY AND AS EXECUTRICES OF THE WILL OF GEORGE FISH, DECEASED, AND DOROTHY LIGON.

(Filed 5 May, 1943.)

**1. Executors and Administrators § 24—**

Family agreements looking to the advantageous settlement of estates or to the adjustment of family differences, disputes, or controversies, when approved by the court, are valid and binding. They are bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord.

**2. Trial § 54: Appeal and Error § 37e—**

Findings of fact by the court, when a jury trial has been waived by consent, will not be disturbed on appeal, if based upon competent evidence. C. S., 569.

**3. Executors and Administrators § 24—**

Where testator died in May, 1933, leaving specific legacies to his daughters and debts totaling substantially the value of the estate, with residuum to be held in trust and income paid to his widow for life, then to go to the daughters, and all parties agreed to delay the settlement of the estate, collect the income, sell assets as advisable, and use income and proceeds of sales to pay debts and specific legacies, the daughters agreeing not to demand their legacies before the estate was worked out satisfactorily, a family agreement results and the widow is not entitled to receive from the residuum the income used in part to settle the debts.

APPEAL by plaintiff from *Hamilton, Special Judge,* at September Extra Term, 1942, of MECKLENBURG. Affirmed.

Civil action by legatee of life interest in residuary estate to recover income from estate received by executrices.

George Fish, late of Mecklenburg County, died testate 12 May, 1933. Plaintiff, his widow, and defendants Jane Alice Fish Hanson and Lucy Moore, his daughters, were named as executrices. He made certain specific bequests, including $10,000 each to Lucy Moore and Jane Alice Fish Hanson. The residue of his estate, after the payment of debts and the costs of administration, he devised to plaintiff for life or until her remarriage, with remainder to his two daughters and Dorothy Ligon, his stepdaughter.

When he died his estate was valued at $45,000 and he owed approximately $20,000. So that upon an immediate settlement of the estate the debts, expenses of administration and individual legacies would consume the estate, leaving a residuary bequest only nominal in value.

The interested parties held a meeting, discussed the situation, considered the inadvisability of a sale of the assets of the estate at the then prevailing low prices due to the existing economic depression, and agreed that the executrices should delay settlement of the estate, collect the income, sell assets from time to time as might be advisable, and use the income and proceeds of sales to pay the debts and specific legacies. To accomplish the purpose of the agreement the daughters agreed not to demand payment of their legacies before the estate was worked out on a satisfactory basis. All agreed that income from the estate property might be used to pay debts and specific legacies. This was done in order to try to salvage the property and to create a residue of substantial value.

The executrices administered the estate in accord with the agreement. They collected income up to 1 January, 1940, in the sum of $13,956.43 net. This sum, plus sales of assets, was sufficient to pay all debts and specific legacies and approximately $500 to plaintiff and still leave an estate, consisting principally of income-producing real estate, valued at approximately $19,000 (tax value). Since 1 January, 1940, net income of $4,456.05 has been received and paid to plaintiff.

Plaintiff instituted this suit to recover the income collected by the executrices, alleging that her contract constituted nothing more than an agreement to advance the income for the benefit of the estate and that she is entitled now to reimbursement for the funds so advanced.

When the cause came on for hearing in the court below the parties waived trial by jury and agreed that the court should hear the evidence, find the facts and enter judgment thereon. The court, after hearing the evidence, found the facts substantially as herein set forth and entered judgment dismissing the action. Plaintiff excepted and appealed.

*Whitlock & Dockery* for plaintiff, appellant.
*Frank W. Orr* and *Frank H. Kennedy* for Mrs. Lucy Moore, executrix, appellee.

BARNHILL, J.　Family agreements looking to the advantageous settlement of estates or to the adjustment of family differences, disputes or controversies, when approved by the court, are valid and binding.　They are bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord.　*Spencer v. McCleneghan,* 202 N. C., 662, 163 S. E., 753; *In re Estate of Wright,* 204 N. C., 465, 168 S. E., 664; *Reynolds v. Reynolds,* 208 N. C., 578, 182 S. E., 341; *Bohannon v. Trotman,* 214 N. C., 706, 200 S. E., 852; Schouler, Wills, Executors and Administrators (6d), sec. 3103.

The plaintiff testified "when Mr. Fish died his estate was involved, the value of the assets was down, and it was agreed between the parties interested that, since it was not to the best interest of the estate to immediately close the same, as time passed, and income of the estate and sums realized from the liquidation of assets permitted, to pay the debts of the estate, together with specific bequests to Lucy Moore and Jane Alice Fish Hanson, the sum of $10,000.　That agreement was made."　She further testified that it was her understanding that she would receive the income later upon which understanding "I voluntarily gave up any claim to the income for the time being, so as to settle the debts and the payment of legacies."

Upon this and other testimony offered the court found that the agreement was made without any condition that the income was to be paid the plaintiff later.　This and other findings of fact are supported by competent evidence and the facts found are sufficient to support the judgment entered.　C. S., 569; *Matthews v. Fry,* 143 N. C., 384, 55 S. E., 787; *Eley v. R. R.,* 165 N. C., 78, 80 S. E., 1064; *Trust Co. v. Cooke,* 204 N. C., 566, 169 S. E., 148; *Buchanan v. Clark,* 164 N. C., 56, 80 S. E., 424; *Best v. Garris,* 211 N. C., 305, 190 S. E., 221.

It is apparent that the agreement was to the advantage of all parties. Through the contract of the legatees and the indulgence of creditors the executrices gained time which enabled them to await the passing of the prevailing economic depression and to so handle the estate as to convert it from one in which there was nothing for the residuary legatees into one in which the residuum is of real value, producing a substantial income for the life tenant.　As the daughters and stepdaughter are the remaindermen they also benefit to a material extent.

The plaintiff proceeds upon the theory that all the income from the property of the estate, while it was in the hands of the executrices, belonged to her.　In this she misconceives her rights under the will.　If she was entitled to any interest at all it was interest on the residuary estate.　At the time of the death of testator there was no residuum.　The income came from property it was the duty of the executrices to apply to

other purposes. Perhaps the same result would follow even though there was no agreement. In any event, the plaintiff has not surrendered nearly so much as she seems to think.

*Trust Co. v. Jones*, 210 N. C., 339, 186 S. E., 335, 105 A. L. R., 1189, is factually distinguishable.

The judgment below is

Affirmed.