TOWN OF BURNSVILLE v. W. K. BOONE AND WIFE, MARY T. BOONE.

(Filed 22 March, 1950.)

**1. Trial § 55—**

Where the parties waive a jury trial and agree that the court find the facts, the court's findings have the force and effect of a verdict of the jury upon the issues involved. G.S.. 1-184, Constitution of N. C., Art. IV, Sec. 13.

**2. Appeal and Error § 40d—**

The findings of fact of the trial court are conclusive on appeal if there be evidence to support them.

**3. Appeal and Error § 6c (3)—**

Exceptions to the findings of fact by the court and to each and every fact found is a broadside exception and does not bring up for review the findings of the trial court or the sufficiency of the evidence to support the findings, it being required that the exceptions and assignments of error particularly and specifically point out the alleged errors.

**4. Appeal and Error § 6c (2)—**

An exception to the signing of the judgment is insufficient to bring up for review the findings of fact, or the competency and sufficiency of the evidence to support the findings and conclusions of the trial judge.

**5. Appeal and Error § 6c (3)—**

In the absence of proper exceptions to the findings of fact, exceptions to the admission of evidence and exceptions to the denial of appellant's motions for judgment as of nonsuit are ineffectual.

**6. Appeal and Error § 40a—**

An exception to the signing of the judgment will not be sustained when the facts found by the trial court support the judgment.

APPEAL by defendants from *Pless, J.,* at Regular October Term, 1949, of YANCEY.

20—231

Civil action to foreclose lien of taxes levied by plaintiff against property of defendants for the years 1937 to 1947, both inclusive, brought under and pursuant to the provisions of G.S. 105-414, formerly C.S. 7990, "and related statutes."

. Defendants, answering the complaint of plaintiff filed in the action, admit the ownership of the land in question, but deny all other allegations of the complaint, including those as to the corporate existence of plaintiff and as to its authority to levy and collect taxes. And for further defense defendants aver (1) that the taxes sought to be collected exceed the limitations fixed by law,—particularly in G.S. 160-402, and (2) that the taxes for the years 1937 and 1938 are barred by the ten years' statute of limitations, G.S. 105-422, as amended by 1947 Session Laws, Chap. 1065, and they plead it in bar of this action.

The parties waived jury trial and agreed for the judge to hear the evidence and to find the facts and to render judgment on the facts found.

Pursuant thereto plaintiff offered evidence, without objection by defendants, tending to show that a certain described territory was created into the Town of Burnsville, North Carolina, by the Municipal Board of Control by virtue of authority given under Sections 2779 to 2782 of Consolidated Statutes of 1919 (now G.S. 160-195 to G.S. 160-198). And the parties stipulated that "defendants property described in the complaint is located within the bounds of said territory."

Plaintiff also offered in the course of the hearing before the judge evidence, both oral and documentary, tending to support the other allegations of the complaint. To parts of the oral, as well as to parts of the documentary evidence, defendants objected and excepted.

The judge after hearing the evidence and argument of counsel found certain facts in respect of the matters in issue as shown by the pleadings, including the fact of the corporate existence of the Town of Burnsville, North Carolina, with the power to levy taxes. And the court, upon the facts so found, rendered judgment in favor of the plaintiff and against the defendants for the aggregate amount of taxes found to be due and "for such other sum as may be represented by taxes levied and unpaid during the pendency of the action," and for the cost of the action to be taxed, and ordered a sale of the land described in the complaint, and appointed a commissioner to sell same, etc. The facts found are incorporated in the judgment so rendered.

And the record shows that "to the findings of fact in the foregoing judgment and to the findings of each and every fact, the defendants object and except (Exception No. 39), and to the conclusions of law the defendants object and except (Exception No. 40), and to the rendition and signing of said judgment the defendants object and except (Excep

ion No. 41),—all the aforesaid objections and exceptions being made in apt time and in open court."

Defendants appeal to Supreme Court and assign error.

*Bill Atkins for plaintiff, appellee.*

*C. P. Randolph and W. E. Anglin for defendants, appellants.*

WINBORNE, J.　The parties to a civil action may waive trial by jury, and agree that the presiding judge may find the facts in respect to the issues of fact raised by the pleadings, and declare his conclusions of law arising thereon. G.S. 1-184. His findings upon the facts have the force and effect of a verdict by a jury upon the issues involved. Constitution of N. C., Art. IV, Sec. 13. And his findings of fact are conclusive on appeal if there be evidence to support them. *Chastain v. Coward,* 79 N.C. 543; *Branton v. O'Briant,* 93 N.C. 99; *Roberts v. Ins. Co.,* 118 N.C. 429, 24 S.E. 780; *Matthews v. Fry,* 143 N.C. 384, 55 S.E. 787; *Buchanan v. Clark,* 164 N.C. 56, 80 S.E. 424; *Eley v. R. R.,* 165 N.C. 78, 80 S.E. 1064; *Trust Co. v. Cooke,* 204 N.C. 566, 169 S.E. 148; *Assurance Society v. Lazarus,* 207 N.C. 63, 175 S.E. 705; *Odom v. Palmer,* 209 N.C. 93, 182 S.E. 741; *Best v. Garris,* 211 N.C. 305, 190 S.E. 221; *Trust Co. v. Lumber Co.,* 221 N.C. 89, 19 S.E. 2d 138; *Turlington v. Neighbors,* 222 N.C. 694, 24 S.E. 2d 648; *Fish v. Hanson,* 223 N.C. 143, 25 S.E. 2d 461; *Swink v. Horn,* 226 N.C. 713, 40 S.E. 2d 353; *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464; *Griggs v. York-Shipley,* 229 N.C. 572, 50 S.E. 2d 914; *Cannon v. Blair,* 229 N.C. 606, 50 S.E. 2d 732.

When it is claimed that findings of fact, so made by the trial judge, are not supported by the evidence, the exceptions and assignments of error in relation thereto must specifically and distinctly point out the alleged errors. *Suit v. Suit,* 78 N.C. 272; *Chastain v. Coward, supra; Cooper v. Middleton,* 94 N.C. 86; *Battle v. Mayo,* 102 N.C. 413, 9 S.E. 884; *Mfg. Co. v. Brooks,* 106 N.C. 107, 11 S.E. 456; *Tilley v. Bivens,* 110 N.C. 343, 14 S.E. 920; *Sturdevant v. Cotton Mills,* 171 N.C. 119, 87 S.E. 992; *Boyer v. Jarrell,* 180 N.C. 479, 105 S.E. 9; *Hickory v. Catawba County,* 206 N.C. 165, 173 S.E. 56; *Vestal v. Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427; *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609.

In *Hickory v. Catawba County, supra,* there was a general exception to the judgment and to the judge's findings of fact. Speaking as to the latter, this Court said: "The exception is too indefinite to bring up for review the findings of the trial court," citing the *Sturdevant* and *Boyer* cases, *supra.*

In *Vestal v. Machine Co., supra,* the exception is "to the rulings of the court and findings of fact upon which the judgment was signed," and the assignment of error is "that the court erred in its rulings and findings of fact." The opinion of this Court says that "this is a broadside exception and assignment of error,"—that "it fails to point out or designate the particular finding of fact to which exception is taken; nor is it sufficient to challenge the sufficiency of the evidence to support the findings or any one or more of them," citing cases.

In *Wilson v. Robinson, supra,* this headnote epitomizes the opinion "A general exception, to the court's findings of fact and to the signing of the judgment thereon, is insufficient to bring up for review the findings of the judge. The alleged errors should be pointed out by specific exceptions to the findings of fact as well as law."

And in *McDaniel v. Leggett, supra,* it is said that "while the defendants excepted generally to the clerk's findings of fact, no objection made to any specific finding was noted. This was insufficient," citing cases.

In the light of these principles we are constrained to hold that the exceptions, Nos. 39, 40 and 41, entered when the judgment was rendered as set forth in the statement of facts hereinabove, and the assignments of error that "His Honor erred" (1) "in finding the facts set forth in the judgment and to each and every one thereof," (2) "as to the conclusions of law in the judgment of the court," and (3) "in the rendition and signing of the judgment," as shown in the record on this appeal, are too general and indefinite to challenge the sufficiency of, and to bring up for review the evidence as to any particular finding of fact made by the trial judge. They amount to no more than an exception to the judgment and to the signing of it.

In the absence of proper exceptions to the findings of fact, an exception to the signing of a judgment is insufficient to bring up for review the findings of fact, or the competency and sufficiency of the evidence to support the findings and conclusions of the trial judge. *Fox v. Mills,* 225 N.C. 580, 35 S.E. 2d 869.

Moreover, in the absence of such proper exception to the findings of fact, of which defendants complain, exceptions to the admission of evidence, taken during the course of the hearing before the trial judge, as well as the exceptions taken by defendants to the rulings of the judge in denying their motions for judgment as of nonsuit, and assigned as error, are ineffectual. *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577.

Hence, applying these principles to the case in hand, there remains for consideration only the exception to the judgment and to the signing of it.

And since the facts as found by the trial judge support the judgment, it must be, and it is hereby
    Affirmed.