OTIS R. CLEMENTS v. J. M. BOOTH AND WIFE, MRS. J. M. BOOTH.

(Filed 19 September, 1956.)

**Courts § 4b—Appeal from recorder's court held correctly dismissed for laches of appellant in failing to see that record was properly docketed.**

Defendants appealed from judgment against them in the recorder's court and paid the Clerk of the Superior Court the necessary fees for perfecting the appeal, but only the judgment with the appeal entries noted thereon was sent up, and the appeal was not put on the trial docket, G.S. 1-299, G.S. 1-300. It was admitted that rules governing appeals from a justice of the peace were applicable. Execution was issued on the judgment, and defendants took no action until seven terms of Superior Court had intervened. The trial court's action in docketing and dismissing the appeal on motion of plaintiff on the ground of defendants' laches, is affirmed.

JOHNSON, J., not sitting.

APPEAL by defendants from *McKeithen, S. J.,* May Term, 1956, BEAUFORT Superior Court.

Civil action instituted in the Aurora Recorder's Court, Beaufort County, for the recovery of $332.94, alleged to be due by contract for hauling produce from Florida to Illinois. All additional facts necessary to determination of this case are set forth in the following part of the judgment rendered in the Superior Court:

"This action was instituted in the Recorder's Court of Aurora, N. C. and was tried in said court on June 20, 1955, at which time judgment was rendered in favor of the plaintiff; defendants gave notice of appeal in open court and further notice was waived and an entry to this effect was made upon the face of the judgment and signed by the Recorder; the fee required for transferring the record to the Superior Court was paid to the Recorder; on June 23, 1955 there was received in the office of the Clerk of the Superior Court of Beaufort County the judgment with the notation of appeal as aforesaid; no other papers accompanied the judgment at that time and no return of notice to appeal was affixed to the judgment; the Clerk of the Superior Court docketed the judgment as in cases of judgments rendered by Justices of the Peace and the case was not placed by the Clerk at that time on the Civil Issue Docket of the Superior Court. On June 30, 1955 the sum of $4.85 was received by the Clerk of the Superior Court and there appears in the receipt book of the Clerk the following language: 'Clerk of the Superior Court, Beaufort County, Washington, N. C., June 30, 1955, Received of LeRoy Scott, Atty. $4.85 Transcript Jdg. & Notice of Appeal Otis R. Clements *v.* J. M. Booth and wife, Mrs. J. M.

Booth. (Signed) Frances Cecil, Deputy C. S. C.'; in January 1956 execution on the judgment was issued and pursuant to the execution the judgment was paid; there were terms of the Superior Court in Beaufort County in September, October, November and December 1955, and January, February and March 1956; no inquiry was made of the Clerk of the Superior Court by appellants or their counsel as to whether the case had been docketed until March 1956; petition which was denominated a Writ of Recordari was directed to the Clerk of the Superior Court, which was in reality a petition under General Statutes 7-182 to require the Recorder to send to the Superior Court the remainder of the record in the case; no order was issued pursuant to the petition, for the reason that the balance of the record was at that time transmitted by the Recorder to the Clerk of the Superior Court; the remainder of the record consisted of summons, complaint, warrant of attachment and order of attachment and returns thereon; appellants moved before the Clerk of the Superior Court in April 1956 to have the appeal placed on the Civil Issue Docket, which motion was allowed and the appeal was duly docketed; from this order plaintiff appellee appealed to the Judge presiding at the May 1956 Term of the Superior Court;

"The Court is of the opinion that the defendants, J. M. Booth and wife, Mrs. J. M. Booth, were not diligent but were guilty of laches in having the appeal docketed in the Superior Court of Beaufort County, and that the appeal was not docketed at the next ensuing term of the Superior Court or until such time as at least six terms of the Superior Court of Beaufort County had passed.

"The motion of the plaintiff to docket in the Superior Court and to dismiss the appeal of the defendants from the Recorder's Court of Aurora is allowed and said appeal of defendants from the Recorder's Court of Aurora is hereby dismissed. W. A. Leland McKeithen, Judge Presiding."

From the judgment docketing and dismissing the appeal on the plaintiff's motion, the defendants appeal.

*John A. Wilkinson for defendants, appellants.*
*LeRoy Scott for plaintiff, appellee.*

HIGGINS, J. The only exceptive assignment relates to the order allowing plaintiff's motion to docket and dismiss the appeal. The question presented, therefore, is whether the facts found are sufficient to support the judgment. The appeal presents no other question. It is admitted that the rules governing appeals from the recorder's court are the same as those applicable to appeals from a justice of the peace.

The recorder's court rendered judgment for the plaintiff. The defendants gave notice of appeal to the Superior Court and paid the recorder's fee. The recorder sent up only the judgment with the appeal entries noted thereon. The summons, complaint, affidavit, bond, and writ of attachment were not sent to the Superior Court. The defendants, however, paid the Superior Court the necessary fees for perfecting the appeal. Instead of entering the appeal on the trial docket as contemplated by G.S. 1-299 and G.S. 1-300, the Clerk seems to have docketed the judgment in the manner provided for docketing transcripts in the Superior Court as contemplated by G.S. 7-166. For seven terms of court the defendants made no effort to ascertain whether their appeal had been placed upon the trial docket. They did not execute a stay bond. They permitted the plaintiff to issue execution and to satisfy his judgment from a sale of the attached property. They made no inquiry to ascertain what had happened to their case. They permitted it to look after itself. They insisted, however, that having given notice of their appeal and having paid the requisite fees to have it perfected, they were entitled to rely on the officers to discharge their official duties. They cite as authority, *Johnson v. Andrews,* 132 N.C. 376, 43 S.E. 926. In that case there was no writ of attachment, no sale of attached property. There was inquiry and assurance from the Clerk that the appeal had been docketed for trial. The *Johnson case* and this case fall in different categories.

Judge McKeithen found facts as set forth in the judgment and held the defendants were guilty of laches and, in his discretion, permitted the appeal to be docketed and dismissed on plaintiff's motion. The facts found warranted the trial court in holding the defendants guilty of laches. The judgment finds support in many decisions of this Court, among them the following: *Electric Co. v. Motor Lines,* 229 N.C. 86, 47 S.E. 2d 848; *Trust Co. v. Cooke,* 204 N.C. 566, 169 S.E. 148; *S. v. Fleming,* 204 N.C. 40, 167 S.E. 483; *Barnes v. Saleeby,* 177 N.C. 256, 98 S.E. 708; *Helsabeck v. Grubbs,* 171 N.C. 337, 88 S.E. 473; *Tedder v. Deaton,* 167 N.C. 479, 83 S.E. 616; *Abell v. Power Co.,* 159 N.C. 348, 74 S.E. 881; *Peltz v. Bailey,* 157 N.C. 166, 72 S.E. 978; *Southern Pants Co. v. Smith,* 125 N.C. 588, 34 S.E. 552.

The facts found are sufficient to support the judgment, and the same is

Affirmed.

JOHNSON, J., not sitting.