Civil action instituted in the municipal court of the city of Greensboro to recover on contract for funeral expenses.
Plaintiff, in its amended complaint, alleges, and offered evidence tending to show that on 26 March, 1935, Mrs. Pattie B. Riddick purchased from it, and agreed to pay for certain articles, services, and cash advances amounting to $740.66 for the funeral of the wife of her close relative, defendant, James T. Spencer. Plaintiff also alleges that, while the contract was made with Mrs. Pattie B. Riddick, the defendant James T. Spencer is liable as a matter of law.
Defendant, Guardian, appointed 1 January, 1936, denies liability, and avers that the account is not the obligation of Mrs. Pattie B. Riddick, and that her promise to pay therefor is not in writing as required by the Statute of Frauds, C. S., 987, which she pleads in bar of plaintiff's right to recover.
From judgment against defendants in said municipal court, defendant, Guardian, appealed to the Superior Court of Guilford County. There the parties, having waived jury trial and consented that the judge should hear the evidence, find the facts, and render judgment, C. S., 568, the court finds, inter alia, "the facts to be as alleged in plaintiff's amended complaint; and, without limiting the generality, that Mrs. Pattie B. Riddick, the defendant's ward, on March 26, 1935, while competent, and before the appointment of a guardian, entered into an original, express contract with the plaintiff for the purchase of the articles, services, and advances set out in said amended complaint, and that the said articles, services, and advances were duly delivered, rendered, and paid by the plaintiff; that the said Mrs. Pattie B. Riddick agreed to pay the plaintiff the prices charged therefor; . . ." *Page 703 
From judgment for plaintiff, the defendant, Guardian, appeals and assigns error.
The findings of fact by the judge, when there is evidence to support them, are as conclusive as the verdict of a jury. Matthews v. Fry,143 N.C. 384, 55 S.E. 787.
There is abundant evidence in the record on this appeal to support the findings of the judge.
The general rule is that if the promise to pay is an original undertaking, it need not be in writing.
The judgment below is
Affirmed.